UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------X

| | |
|---|---|
| UNITED STATES OF AMERICA | MEMORANDUM & ORDER REGARDING LIMITED |
| - against - | UNSEALING ORDER |
| JUAN ÁNGEL NAPOUT, et al., | No. 15-cr-252 (S-2) (PKC) |
| Defendants. | |

------------------X

PAMELA K. CHEN, United States District Judge:

On July 24, 2017, the government applied for a limited unsealing order authorizing the government to disclose on August 7, 2017, four sealed search warrants, and the affidavits filed in support of the search warrants, under Docket Numbers 16-MISC-605, 16-MISC-639, 16-MISC-658, and 17-MISC-271 (the "Warrants"), subject to certain restrictions on the use and dissemination of the Warrants by trial Defendants Juan Ángel Napout, Manuel Burga, and José Maria Marin ("Trial Defendants") and their respective counsel of record, A. John Pappalardo, Silvia Piñera-Vazquez, Jacqueline Becerra, Bruce L. Udolf, Charles Stillman, Bradley Gershel, James Alfred Mitchell, and Julio C. Barbosa ("Counsel of Record"). The Court is granting the government's application and proposed Limited Unsealing Order, with one substantive modification, as discussed below. *See* Limited Unsealing Order, Dkt. No. 641.

The Court issues this Memorandum & Order to explain the bases for that decision. First, the Court finds that the compelling interests articulated by the government in their sealed *ex parte* submission dated March 27, 2017, Case No. 16-MISC-271, and discussed in the Court's earlier order denying Defendant Napout's motion to vacate the orders authorizing delayed disclosure of the Warrants (Dkt. 624) justifies the restrictions imposed by the Limited Unsealing Order. Second, as the government argues, the Court's issuance of the Limited Unsealing Order does not deprive

1

the Trial Defendants of the opportunity to seek further unsealing of the Warrants or modification of the restrictions in the Limited Unsealing Order. Rather, disclosure of the Warrants to the Trial Defendants and Counsel of Record, pursuant to the Limited Unsealing Order, will enable the Trial Defendants to determine whether further unsealing is necessary, to make an application, as appropriate, for further unsealing, and to support that application with a more detailed, fact-specific explanation of how the limited unsealing impairs the Trial Defendants' ability to bring suppression motions in this matter.

The Court also seeks to explain through this Memorandum & Order the reason for its inclusion of the additional prohibition, pending further briefing, if any, by the parties, against the Trial Defendants and Counsel of Record communicating the *substance* of the Warrants to third parties. While such a restriction is implied by the Limited Sealing Order's restriction on the public filing of any submission that contains or describes the Warrants' contents, neither the government's proposed order nor the parties' arguments address this issue directly. Accordingly, the Court added this explicit restriction pending further briefing.

If, after disclosure of the Warrants pursuant to the Limited Sealing Order, any Trial Defendant wishes to seek further unsealing of the Warrants or modification of the Limited Unsealing Order, he shall file a letter generally describing the application, with appropriate redactions of any information protected by the Limited Unsealing Order, no later than August 14, 2017.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: August 7, 2017
      Brooklyn, New York

2