

SIDLEY AUSTIN LLP
787 SEVENTH AVENUE
NEW YORK, NY 10019
+1 212 839 5300
+1 212 839 5599 FAX

AMERICA • ASIA PACIFIC • EUROPE

MLEVY@SIDLEY.COM
+1 212 839 7341

August 6, 2018

**By ECF**

The Honorable Pamela K. Chen
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: <u>United States v. Jose Maria Marin</u>, 15 Cr. 252 (S-2) (PKC) (RML)

Dear Judge Chen:

We represent the Confederation of North, Central America and Caribbean Association Football ("CONCACAF"). We submit this letter in connection with the upcoming sentencing of Jose Maria Marin ("Marin"), which is currently scheduled to take place on August 22, 2018. As described below, CONCACAF is a victim of several of Marin's offenses of conviction within the meaning of 18 U.S.C. § 3663(a)(2). Accordingly, CONCACAF is entitled to restitution from Marin pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664. To that end, CONCACAF expects to submit a statement to the Court prior to sentencing that itemizes the precise amount of the loss that it sustained as a result of the offenses. Should there be a dispute over the amounts, and should there be insufficient time for the Court to resolve that dispute before or during sentencing, CONCACAF has no objection to deferring resolution of the precise amount of restitution owed until a later date, as permitted by 18 U.S.C. § 3664(d)(5).

Discussion

Marin was convicted at trial on six counts: one count of racketeering conspiracy (Count One), three counts of wire fraud conspiracy (Counts Two, Four, and Six), and two counts of money laundering conspiracy (Counts Three and Seven). Three of those counts—Counts One (racketeering conspiracy), Six (wire fraud conspiracy), and Seven (money laundering conspiracy)—encompassed Marin's participation in a conspiracy between, among others, the owners and executives of various sports marketing companies, the leadership of various national football federations, and the leadership of CONCACAF and CONMEBOL to corrupt the process by which the sports marketing companies purchased the media and marketing rights for various editions of the Copa América tournament. Although most of the editions of that tournament

Sidley Austin (NY) LLP is a Delaware limited liability partnership doing business as Sidley Austin LLP and practicing in affiliation with other Sidley Austin partnerships.

involved exclusively CONMEBOL teams and CONMEBOL rights, the 2016 edition, celebrating the 100th anniversary of the commencement of the tournament and referred to as the Copa América Centenario (the "Centenario"), was an expanded tournament that also involved CONCACAF teams and CONCACAF rights.

The proof at trial showed, and the jury found, that the conspirators corrupted the process by which CONCACAF and CONMEBOL sold their media and marketing rights for the Centenario. Specifically, the proof showed that the owners and executives of various corrupt sports marketing companies paid bribes to various corrupt football officials—including CONCACAF president Jeffrey Webb—to obtain CONCACAF's and CONMEBOL's media and marketing rights for the Centenario.

These offenses caused CONCACAF to sustain at least the following categories of loss:

- Amount paid in bribes: The proof at trial showed that the conspirators arranged for CONCACAF president Jeffrey Webb to receive an undisclosed $10 million bribe in exchange for Webb's agreement to sell CONCACAF's media and marketing rights for the Centenario to Datisa. As Government expert Stefan Szymanski testified at trial, money that a sports marketing company like Datisa spends on bribes in connection with bidding on media and marketing rights is money that the company would, in a competitive environment, have been willing to include in its bid. (Tr. 192.) Thus, the conspiracy cost CONCACAF at least the $10 million that was paid to Webb. This is precisely the theory on which this Court has already ordered restitution in sentencing several other defendants in this case. *See United States v. Trujillo*, 15 Cr. 252 (PKC) (imposing restitution in amount of bribes); *United States v. Takkas*, 15 Cr. 252 (PKC) (same).

- Amount by which CONCACAF's Centenario rights were underpriced: As Professor Szymanski made clear, corruption in a bidding process is anti-competitive and leads to a final price that is lower than it would have been in a competitive environment. (Tr. 192.) The evidence at trial showed that that was the case here. In particular, during two covertly recorded conversations, the principals of Datisa gleefully discussed their expectation that they would make between $100 and $120 million in profit from reselling CONCACAF's and CONMEBOL's media and marketing rights for the Centenario; an amount so outrageously high that they feared the repercussions if it were ever revealed. (*See* GX 1709, 1710; Tr. 2778-80, 2786-88; *see also* Tr. 4505-06 (Government argument during rebuttal summation that recorded conversations about Datisa's expected profit show that if there "had [been] some competition" in the bidding process, CONCACAF and CONMEBOL "would have made more money").) CONCACAF expects to be able to establish the reasonable amount of profit that a

        sports marketing company could have expected to make in a competitive bidding environment, which will in turn demonstrate the amount that the high-bidder would have been willing to pay in a non-corrupt environment and the amount by which the conspirators caused CONMEBOL and CONCACAF to be cheated.

- <u>Expenses incurred during participation in the investigation and prosecution of the offense</u>:  CONCACAF has incurred expenses, including substantial legal fees, from its participation in the investigation and prosecution of the offenses of conviction here, and from its remediation of the harm caused by the offenses. CONCACAF is entitled to receive restitution from the defendant for those amounts. *See* 18 U.S.C. § 3663A(b)(4); *Lagos v. United States*, 138 S. Ct. 1684 (2018).

<u>Conclusion</u>

As the foregoing shows, CONCACAF is a victim of the defendant's offenses and is entitled to restitution from the defendant. Accordingly, prior to sentencing, CONCACAF will submit a statement itemizing its losses.[1]

Respectfully submitted,

*Michael Levy*

Michael A. Levy

cc: All counsel of record (by ECF)

---

[1] The foregoing list of major categories of loss is not necessarily exhaustive. To the extent additional items of loss are discovered, CONCACAF respectfully reserves the right to include them in its itemization of its losses.