

*U.S. Department of Justice*

*United States Attorney
Eastern District of New York*

| | |
|---|---|
| SPN/MKM/KDE | *271 Cadman Plaza East*<br>*Brooklyn, New York 11201* |

December 18, 2018

By ECF

The Honorable Pamela K. Chen
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re: United States v. Juan Ángel Napout, et al.
       Criminal Docket No. 15-252 (S-2) (PKC)

Dear Judge Chen:

    The government respectfully submits this letter in response to CONCACAF's motion, dated December 4, 2018, to reconsider the Court's restitution order as to defendants Juan Ángel Napout and José Maria Marin (the "Motion"). See ECF Dkt. Nos. 1019 (CONCACAF Mot. to Reconsider), 1084 (Order, dated Nov. 20, 2018 (the "Restitution Order")). For the reasons stated herein, the Court should deny the motion.

    CONCACAF urges reconsideration on the ground that the Court overlooked CONCACAF's request for restitution in the amount of $1.8 million to cover attorneys' fees and related expenses incurred by the confederation in its efforts to reacquire the Copa América Centenario rights in the wake of the government's first indictment in the case. See Mot. at 2, 5. CONCACAF suggests that because these amounts are certain, as documented in billing records, the loss is clear and therefore should be compensated notwithstanding the Court's broader ruling that CONCACAF failed to demonstrate lost revenues from the sale of rights to the tournament. See id. at 3-4. The government disagrees.

    As a threshold matter, it seems clear that the Court considered CONCACAF's claimed mitigation expenses in its ruling, as the Restitution Order references – and rejects – CONCACAF's claim for restitution in the amount of between $2,893,223 and $7,893,223 in lost revenues, an amount that includes the mitigation expenses claimed in the Motion. See Rest. Order at 14; ECF Dkt. No. 1044 (CONCACAF Ltr., Oct. 3, 2018, at 2-3 (including "significant legal and consulting fees" incurred during reacquisition of rights, tallied in Ex. F)). In addition, the Court based its denial of restitution for lost rights revenue on CONCACAF's failure to provide evidence sufficient to support a reasonably firm estimate of losses, holding that CONCACAF's proposed methodology amounted to "sheer speculation" and that CONCACAF "failed to provide any evidence or information upon which the Court can measure the

quantifiable impact" of the defendants' conduct.[1]  Rest. Order at 14-15.  Thus, the Court was unable to determine whether CONCACAF's reacquisition and sale of the Centenario rights, with Datisa removed as middleman, mitigated some, all, or more than all of the losses that otherwise would have resulted from the charged bribery scheme.  This rationale applies to mitigation expenses claimed by CONCACAF just as it did to other fixed expenses related to the tournament that were presented by CONCACAF.  See ECF Dkt. No. 1044, Ex. F (listing fees and commissions to be offset against revenue along with mitigation expenses).  That is, the Court's inability to estimate loss did not turn on lack of clarity about particular expenses; rather, the Court was not able to determine how much money CONCACAF would have made absent the corruption, leaving the effect of mitigation uncertain.

---

[1] The Court's ruling on this point was consistent with the position the government took during the restitution proceedings.  See, e.g., ECF Dkt. No. 1030, at 7 (Gov't Rest. Submission).  The government took a different position with respect to revenue losses for the 2015 edition of the Copa América and the pre-indictment editions of the Copa Libertadores, as those losses were not mitigated by subsequent resale of rights.  The government respectfully notes that, with respect to those losses, its position was not that bribe amounts were a measure of their "depressive effect" on market value, Rest. Order at 22, but, rather, that the bribe amounts served as a conservative measure of the additional amount the marketing companies would have been willing to pay to acquire the contracts, see, e.g., Gov't Restitution Submission, ECF Dkt. No. 1030, at 5, n.7 ("Bribe amounts agreed to be paid, absent corruption, would have been part of the contract."); see also, Trial Tr. at 191 (S. Szymanski: if part of the marketing budget goes to bribing soccer officials, "then that's less money for the soccer organization").  In United States v. Finazzo, 850 F.3d 94 (2d Cir. 2017), the bribe payor was a vendor that received money from the defrauded entity under the relevant contract.  Because the vendor might have covered some of the kickback out of its own pocket, it was unclear what portion of the contract price constituted loss, but at most the loss was the amount of the kickback.  Here, by contrast, the bribe payors were companies that paid money to the defrauded entity under the relevant contracts, to secure rights.  Thus, any bribe paid on the side was money the entities were willing to part with, and therefore represents the minimum amount of loss, without considering the likely depressive effects on market value.

In light of the foregoing, the government respectfully submits that the Court should deny CONCACAF's motion for reconsideration.

                                                Respectfully submitted,

                                                RICHARD P. DONOGHUE
                                                United States Attorney

By:      /s/
            Samuel P. Nitze
            M. Kristin Mace
            Keith D. Edelman
            Assistant U.S. Attorneys
            (718) 254-7000

cc:     Counsel of record (by ECF)
         Clerk of Court (PKC) (by ECF)