UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
UNITED STATES OF AMERICA,

- against -

JUAN ANGEL NAPOUT, *et al.*,

                   Defendants.
-------------------------------------------------------x

**ORDER DENYING**
**<u>RECONSIDERATION</u>**
15-CR-252 (PKC)

PAMELA K. CHEN, United States District Judge:

      CONCACAF has moved for reconsideration of the portion of the Court's November 20, 2018 restitution order denying CONCACAF's request for $1,826,212 in attorneys' and other professional fees that CONCACAF spent to reacquire the media and sponsorship rights for the Copa America Centenario tournament. (Dkt. 1127.) Both the government and Defendants oppose the motion. (*See* Dkts. 1143, 1144.) For the reasons set forth herein, the Court denies CONCACAF's motion.

      CONCACAF argues that, during the restitution proceedings, it asserted a separate request for these fees that was independent from CONCACAF's request for lost revenue stemming from the reacquired Centenario rights. (Dkt. 1127, at 3-4.) CONCACAF suggests that because the Court did not address CONCACAF's "express argument that, at a minimum, CONCACAF is entitled to restitution for the $1,826,212 that CONCACAF was forced to spend on lawyers and other professionals during the arduous process of reacquiring the Centenario rights and renegotiating the Centenario contracts in order to mitigate damages[,] . . . the issue appears to have been 'overlooked.'" (*Id*. at 2 (citing Local Criminal Rule 49.1(d)).) CONCACAF is incorrect.

      Though not explicitly stated, inherent in the Court's denial of CONCACAF's request for lost revenue—which was based on the Court's finding that CONCACAF's methodology for proving lost revenue was "far from sound" and amounted to "sheer speculation" (Dkt. 1084, at

14)—was the Court's conclusion that CONCACAF had not, and could not, show that it did not recoup its attorneys' and other professionals' fees through the substantially more lucrative contracts it secured through the renegotiation. The Court agrees with the government that the fact that these fees are quantifiable is irrelevant: "the Court's inability to estimate loss did not turn on lack of clarity about particular expenses; rather, the Court was not able to determine how much money CONCACAF would have made absent the corruption, leaving the effect of mitigation uncertain." (Dkt. 1144, at 2.) Thus, in denying CONCACAF's restitution request for lost revenue, the Court did not "overlook" CONCACAF's claim for fees related to the reacquisition of the Centenario rights, but found, albeit not expressly, that CONCACAF had failed to prove that it had not already recovered those fees.

Accordingly, because CONCACAF's motion for reconsideration of the Court's November 20, 2018 restitution order is unwarranted, it is denied.[1]

SO ORDERED.

/s/Pamela K. Chen
Pamela K. Chen
United States District Judge

Dated: December 20, 2018
      Brooklyn, New York

---

[1] In reaching this conclusion, the Court need not, and does not, address the cases cited by CONCACAF for the first time on reconsideration relating to the recoverability of expenses a victim incurs to mitigate harm caused by a defendant's criminal conduct. (Dkt. 1127, at 5-6.) Nor does the Court address Defendants' argument that such mitigation expenses are not recoverable under the Mandatory Victims Restitution Act based on the Supreme Court's decision in *Lagos v. United States*, 138 S. Ct. 1684 (2018). (Dkt. 1143, at 3-4.)