

U.S. Department of Justice

United States Attorney
Eastern District of New York

KTF/RTP/VAZ/EWS/LM  
F. #2015R00747

271 Cadman Plaza East  
Brooklyn, New York 11201

December 4, 2024

By E-mail and ECF

The Honorable Pamela K. Chen  
United States District Judge  
Eastern District of New York  
225 Cadman Plaza East  
Brooklyn, New York 11201

Re: United States v. Juan Angel Napout, et al.,  
Criminal Docket No. 15-252 (S-3) (PKC)

Dear Judge Chen:

The government writes in response to José María Marín's December 2, 2024 letter, which requests that the Court (1) lift its order of December 18, 2023 deferring ruling on Marín's December 14, 2023 Petition for Writ of Error Coram Nobis (the "Petition") pending final decision in United States v. Hernan Lopez, et al., 2d Cir. Nos. 23-7183 (L), 23-7186 (Con) and decide the Petition, or, in the alternative, (2) issue an order that Marín's estate will have standing to pursue the Petition in the event of his death. (ECF No. 2050). For the reasons discussed below, the government opposes both requests.

Marín and co-defendant Juan Angel Napout were convicted by jury in November 2017 of racketeering conspiracy and other offenses for their participation in U.S.-based wire-fraud schemes that corrupted international soccer. Your Honor sentenced Marín to four years' imprisonment and imposed financial penalties, principally forfeiture and restitution of the millions of dollars in bribes Marín corruptly accepted over his years as a soccer executive. The Second Circuit denied Marín's appeal challenging his conviction. See United States v. Napout, 963 F.3d 163 (2d Cir. 2020). He was granted compassionate release on consent of the government at the start of the COVID-19 pandemic.

In March 2023 trial, two co-conspirators (Full Play Group S.A. and Hernan Lopez) were convicted following a separate jury trial for their participation in some of the same schemes (the "Lopez and Full Play Convictions"). In September 2023, your Honor vacated the Lopez and Full Play Convictions on the ground that the honest-services wire fraud statute, 18 U.S.C. § 1347, does not encompass what your Honor described as "foreign commercial bribery, i.e., bribery of foreign employees of foreign non-government employers." (ECF No. 2023 at 48.) The government has appealed that decision to the Second Circuit.

Following the Court's vacating the Lopez and Full Play Convictions, Marín and several other defendants, including Napout, Alfredo Hawit, and Eduardo Li, filed Petitions for Writ of Error Coram Nobis (see ECF Nos. 2035, 2036, 2037, 2040, and 2041), arguing that the Court's decision to vacate the Lopez and Full Play Convictions mandates that the Court exercise the extraordinary writ of coram nobis to vacate their own convictions and sentences, and return the money they forfeited in connection with their convictions.  The Court deferred ruling on these petitions, concluding that its "decision in Full Play is currently being appealed to the Second Circuit, and the outcome of that appeal will undoubtedly have bearing on the petition.  As such, the Court defers ruling on the petition pending final decision in United States v. Hernan Lopez, et al., 2d Cir. Nos. 23-7183 (L), 23-7186 (Con)."  (See ECF Orders dated December 1, 2023, December 18, 2023, January 5, 2024, and January 31, 2024.)

Marín now asks the Court to reverse its decision and promptly rule on his Petition in the "interests of justice" because "he is now in end-of-life care and is not expected to live more than a few months."  (ECF No. 2050.)  The Court should decline to do so and instead continue to hold Marín's Petition in abeyance until the Second Circuit decides the government's appeals of the Court's decision to vacate the Lopez and Full Play Convictions.

It is well settled that "the filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.  A district court does not regain jurisdiction until the issuance of the mandate by the clerk of the court of appeals."  United States v. Rodgers, 101 F.3d 247, 251 (2d Cir. 1996).  Here, any Second Circuit ruling on the government's appeals will necessarily bear on his Petition, which the Court observed when it ordered the Petition to be held in abeyance.  The government therefore respectfully requests that the Court continue to hold the Petition in abeyance, and stay the filing of a response, until the government's appeals are resolved.  See Ching v. United States, 298 F.3d 174, 180 n.5 (2d Cir. 2002) ("The district court could not rule on any motion affecting an aspect of the case that was before this Court . . . while that appeal was pending."); Jonathan Daws v. United States, 17-cv-6668 (RJD), ECF Order dated October 23, 2017 (not resolving petition for writ of coram nobis on insider trading case until after the Second Circuit decided United States v. Martoma, 869 F.3d 58 (2d Cir. 2017), and requiring re-briefing).[1]

The Court should also deny Marín's alternative request that it issue an order declaring that, in the event of Marín's death prior to his Petition being resolved, his estate will have standing to pursue the Petition.  The government does not agree that Marín's estate will have standing to pursue the Petition.  See generally United States v. Craig, 907 F.2d 653, 657 (7th Cir. 1990) (decedent's estate lacked standing to bring coram nobis petition on behalf of decedent); Estate of McKinney v. United States, 71 F.3d 779, 783 (9th Cir. 1995) (holding same).  The standing issue should be litigated at the proper time—once it has ripened, following Mr. Marín's death, if that unfortunately comes to pass soon—by counsel that represents the executor of Marín's estate, and only after the executor has decided that it is in the interest of the estate to continue to pursue the Petition.  Cf. Ex. Rel. Estate of Tyree v. City of New York, 2020 WL 2559796, *5

---

[1] The government would need an opportunity to file a brief responding to the issues raised in the Petition in the event the Court were to reverse its prior order.

(E.D.N.Y. May 19, 2020) (PKC) (noting that a plaintiff must have the capacity to sue on behalf of decedent's estate and that Federal Rule of Civil Procedure 17 specifically lists "executors," "administrators" and "trustees" as examples of entities that are permitted to bring actions on behalf of a decedent's estate).

Finally, even if the Court were to decide that Marín's estate has standing to pursue the Petition, because Marín has paid the full amounts of the fine, forfeiture, special assessment, and restitution that he was ordered to pay at sentencing (see ECF No. 2036 at pg. 6), his estate would not be entitled to any relief. See Porcelli v. United States, 2001 WL 34894717, *4 (E.D.N.Y. July 17, 2001) (holding that defendant was not entitled to coram nobis relief because he had paid fine in full and relief is only available where collateral consequences of conviction are continuing) (emphasis in original); Shen v. United States, 2022 WL 229371, *4 (E.D.N.Y. Jan. 26, 2022) (denying coram nobis petition seeking to vacate restitution and forfeiture orders where those obligations had been paid in full because relief is only available to defendant suffering continuing legal consequence).

Therefore, for the reasons set forth above, the government respectfully requests that the Court deny the relief requested in Marín's December 2, 2024 letter.

Respectfully submitted,

BREON PEACE
United States Attorney

By:     /s/
Kaitlin T. Farrell
Robert T. Polemeni
Victor Zapana
Eric Silverberg
Lorena Michelen
Assistant U.S. Attorneys
(718) 254-7000

cc:    Clerk of Court (PKC) (by ECF)
       Counsel of Record (by ECF)